UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| James Stephen Borghi, | Case No. 2:15-cv-200-PAM-MRM |
|---|---|
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Florida Attorney General, and Secretary, DOC, | |
| Respondents. | |

This matter is before the Court on a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. For the following reasons, the Petition is denied.

**BACKGROUND**

On May 1, 2003, Petitioner James Stephen Borghi pled no contest to vehicular homicide and a Florida state court sentenced him to 30 months' imprisonment followed by 10 years' probation. (App'x (Docket No. 12) Ex. A3.) Less than three weeks after his release on probation, police arrested Borghi in Miami-Dade County for discharging a firearm from a vehicle while intoxicated. (Id. Ex. A4.) While that case was pending, the State charged Borghi with a probation violation due to his new criminal charges. (Id. Ex. C9 ¶ 1.) The state court eventually dismissed the probation-violation charge because the State failed to produce a witness. (Id.) After a jury convicted Borghi of possession of a firearm by a convicted felon in Miami-Dade County, the State charged Borghi with another probation violation because of his new conviction. (Id. Ex. A4.) Borghi

admitted to the probation violation and the state court sentenced him to thirteen years in prison, to be served consecutively to his sentence on the Miami-Dade County conviction. (Id. Ex. A8.) Borghi appealed the probation-violation sentence and the Florida Second District Court of Appeal affirmed. (Id. Exs. B1-5.)

Borghi then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Id. Exs. C1-7.) The postconviction court held an evidentiary hearing on Borghi's claim that his counsel was ineffective for failing to request a concurrent sentence and advising him to reject the State's eleven-year plea offer before proceeding to trial on his criminal charges in Miami-Dade County. (Id. Exs. C8, C9 ¶ 3.) The postconviction court denied Borghi's motion. (Id. Ex. C9.) Borghi requested a rehearing, which the postconviction court denied. (Id. Ex. C10-11.) Borghi appealed and the Florida Second District Court of Appeal affirmed. (Id. Exs. C12-16.)

On March 27, 2015, Borghi filed this Petition. Although not a model of clarity, Borghi's Petition appears to make two arguments: (1) the postconviction court violated his due process rights by conducting the evidentiary hearing on his ineffective assistance of counsel claim without hearing testimony from Borghi's counsel; and (2) Borghi's counsel was constitutionally ineffective for advising him to reject a plea offer when the State initially charged him with a probation violation. (Pet. (Docket No. 1) at 4-7.) In his reply brief, however, Borghi asserts that, "While it is true that [] Borghi's VOP counsel failed to show up to testify at two scheduled evidentiary hearings, the State is incorrect in that [Borghi] is asserting this as his claim for relief." (Pet'r's Reply (Docket No. 15) at 1.) Instead, Borghi only wishes to proceed on his ineffective-assistance-of-counsel claim,

but also requests an evidentiary hearing because the state postconviction court's fact-finding procedure at the evidentiary hearing was inadequate due to Borghi's counsel's absence. (Id. at 1-4.)

**DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., a federal court's "review is greatly circumscribed and is highly deferential to the state courts." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Indeed, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002) (citation omitted). 28 U.S.C. § 2254, which applies to persons in custody pursuant to a state-court judgment, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Furthermore, § 2254 states that "a determination of a factual issue made by a State court shall be presumed to be correct." Id. § 2254(e)(1). The burden is

on the petitioner to "rebut[] the presumption of correctness by clear and convincing evidence." Id.

**A.     Ineffective Assistance of Counsel**

Borghi can succeed on his claim that his counsel was ineffective only if he can show that the trial court's or appellate court's determination of the facts surrounding his claim was unreasonable. 28 U.S.C. § 2254(d). Thus, he must establish both that his counsel was ineffective and that it was unreasonable for the court reviewing his claim to conclude otherwise.

To establish ineffective assistance of counsel, Borghi must demonstrate "that his counsel's performance was objectively unreasonable by professional standards and that he was prejudiced as a result of the poor performance." Damron v. Florida, No. 8:07cv2287, 2009 WL 1514269, at *2 (M.D. Fla. May 29, 2009) (citing Strickland v. Washington, 466 U.S. 668, 687-88(1984)). To establish prejudice, Borghi must show a reasonable probability that but for his counsel's ineffectiveness: (1) Borghi would have accepted the plea; (2) the prosecution would not have withdrawn the plea; (3) the state court would have accepted the plea's terms; and (4) the sentence would have been less severe than the sentence in fact imposed. See Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (citing Lafler v. Cooper, 566 U.S. 156, 164 (2012).

Borghi claims that he rejected a concurrent, eleven-year plea offer on his initial probation-violation charge because his counsel told him to reject it until after his trial in Miami-Dade County, and that Borghi "had nothing to lose . . . the plea offer would still be available even if he lost at trial." (Pet. at 5.) Borghi also claims that his counsel

informed him that the maximum sentence he could receive on the probation-violation charge was seven years because he had already served eight years, and the maximum sentence he could receive was fifteen years. (Id.) Borghi claims that he rejected the plea offer because of his counsel's advice. (Id.)

Borghi raised these exact arguments in his state postconviction motion and at the evidentiary hearing. The state postconviction court found Borghi's claim that he would have accepted a plea on a probation violation while going to trial on the very same charges that caused the probation violation to be "inherently incredible." (App'x Ex. C9 ¶ 9.) The state postconviction court further noted that Borghi failed to explain why he would have accepted a plea offer of eleven years if his counsel had told him that the maximum sentence he could receive on the probation violation was seven years. (Id.)

The state postconviction court's determination that Borghi was inherently incredible was not unreasonable. Indeed, the state postconviction court accurately exposed Borghi's illogical testimony. First, it is against a defendant's best interest to accept a plea offer on a probation-violation charge while going to trial on the criminal charges that caused the probation violation. Second, a defendant would never agree to an eleven-year sentence if his attorney had told him the maximum sentence he could receive was seven years. Finally, Borghi had only served two years on the vehicular-homicide charge, not eight years as his attorney allegedly told him. These inconsistencies show that Borghi's counsel was not ineffective, and the state postconviction court was not unreasonable in concluding so. Borghi is therefore not entitled to federal habeas relief on his ineffective-assistance-of-counsel claim.

## B. Evidentiary Hearing

In his reply brief, Borghi requests that the Court hold another evidentiary hearing because his counsel did not testify at the state postconviction court's evidentiary hearing. Borghi argues that without his counsel's testimony he was not afforded a full and fair hearing and the state postconviction court's fact-finding procedure was inadequate. (Pet'r's Reply at 1-4.) But Borghi insisted that the state postconviction court proceed with the evidentiary hearing without his counsel's testimony. (Pet. at 5; App'x C8 at 4.) The State in fact moved for a continuance and the postconviction court denied the motion over the State's objection based on Borghi's request to proceed. (App'x C8 at 7.) Borghi therefore consented to any inadequacy in the previous evidentiary hearing and the Court will not hold another.

## C. Certificate of Appealability

Borghi is required to secure a Certificate of Appealability before appealing the dismissal of his habeas corpus action. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). This Court cannot grant a Certificate of Appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). The prisoner must establish that the resolution of his constitutional claims "was debatable among jurists of reason." Lott v. Att'y Gen., Fla., 594 F.3d 1296, 1301 (11th Cir. 2010).

6

Borghi has not demonstrated that his claims are debatable or that they "deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. The Court will therefore not grant a Certificate of Appealability on any of Borghi's claims.

**CONCLUSION**

Borghi is not entitled to federal habeas relief on his ineffective assistance of counsel claim. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

2. A Certificate of Appealability will not issue; and

3. The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.

Dated: *June 19, 2017*　　　　　　　　　*s/ Paul A. Magnuson*
　　　　　　　　　　　　　　　　　　　Paul A. Magnuson
　　　　　　　　　　　　　　　　　　　United States District Court Judge